LEMMON, Judge
(dissents).
In my opinion C.C.P. art. 4501 was not intended to make the father a tutor as to that part of the minor’s estate derived from the compromise of a minor’s claim.[1] Rather, the article was intended to require the formalities of a tutorship proceeding when the father compromises his minor’s judicial claim, the purpose being to better insure a fair settlement by requiring the recommendation of another responsible party (the undertutor) and the approval of the court.
Once the claim is liquidated and the proceeds become part of the minor’s estate, the court has no authority to oversee the father’s administration of that part of the estate (absent some intervention on behalf of the minor to halt mismanagement). The law makes no provision for the proceeds of a judicial compromise to be treated differently under the father’s administration than the proceeds of a donation or even of a tort judgment.

. Legislative history and the jurisprudence have long recognized the substantial difference in the powers and duties of a father, as administrator during marriage of his minor child’s estate, from those of the tutor. See XXII La.L.Rev. 615 (1962).